IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
EMMA GILL,                          )
                                    )   2:11-cv-0351-GEB-KJN
          Plaintiff,                )
                                    )
     v.                             )   ORDER DISMISSING ACTION
                                    )   WITHOUT PREJUDICE
FEDERAL RETIREMENT THRIFT           )
INVESTMENT BOARD, THRIFT SAVINGS    )
PLAN, and DOES 1 through 15,        )
inclusive,                          )
                                    )
          Defendants.               )
_____ )
```

    Defendant Federal Retirement Thrift Investment Board moves, *inter alia*, for dismissal of this action under Federal Rule of Civil Procedure ("Rule") 12(b)(3), arguing that venue in this district is improper under 5 U.S.C. § 8477(e)(7)(B). (Mot. 9:25-28.) Plaintiff opposes the motion. "The substantive statutory basis for [Plaintiff's] suit [is] 5 U.S.C. § 8477." (Opp'n 3:19; accord Mot. 9:12-13, 27.)

    Defendant also argues the Thrift Savings Plan should be dismissed from this action since it is not an entity which Plaintiff can sue *eo nomine*. (Mot. 1:26-27; 2:8-9.) "Plaintiff agrees to dismiss the Thrift Savings Plan . . . as a Defendant" in her responsive brief; therefore, the Thrift Savings Plan is dismissed from this action. (Opp'n 5:15-17.)

# I.  BACKGROUND

Plaintiff's suit is based solely on her allegation that she is the beneficiary under a decedent's Thrift Savings Plan ("TSP"); the TSP is a defined contribution retirement savings plan which is part of the federal employees retirement system. (Compl. ¶ 9; 5 U.S.C. §§ 8351, 8440-79.) Upon a TSP plan participant's death the funds in his or her TSP account are paid in accordance with the statutory order of payment prescribed in 5 U.S.C. § 8424(d), which states in pertinent part: the funds are distributed

> [f]irst, to the beneficiary or beneficiaries designated by the [participant] in a signed and witnessed writing received in the Office before the death of [the participant;] . . . [s]econd, if there is no designated beneficiary, to the widow or widower of the [participant;] . . . [t]hird, . . . to the child or children of the [participant;] . . . [f]ourth, . . . to the parents of the [participant; and] . . . [f]ifth, . . . to the duly appointed executor or administrator of the estate of the [participant].

The decedent Alcurtis Gill died on September 9, 2008. (Compl. ¶ 9; Mot. Exs. 3, 9.) Following his death, Plaintiff and the decedent's siblings filed claims with Defendant for the funds in the decedent's TSP account. (Mot. Exs. 3-4.) Defendant was unable to locate a designation of beneficiary form for the decedent's account and therefore determined the funds in the decedent's TSP account would be paid in accordance with the statutory order of payment prescribed in 5 U.S.C. § 8424(d). (Compl. Ex. A.; Mot. Ex. 15.) Plaintiff and the decedent were divorced on July 21, 2005. (Compl. ¶ 9.) Defendant determined Decedent "did not have a surviving spouse" or "living children, and was not survived by his parents[;]" therefore, Defendant determined it must pay the funds in the decedent's TSP account to the decedent's estate. (Compl. Ex. A.; Mot. Ex. 9.)

1  Plaintiff alleges in her complaint that she "was named
2 beneficiary on the [decedent's] TSP account" and that Defendant's
3 "record keepers failed to keep accurate and complete records on file for
4 Decedent's TSP account as required[.]" (Compl. ¶¶ 9, 10.) Plaintiff also
5 alleges Defendant has "a fiduciary responsibility under 5 U.S.C. § 8477
6 to maintain" the decedent's designation of beneficiary form and
7 Defendant "breached [this] duty [by] . . . destroying, deleting, or
8 otherwise misplacing" the form which was executed on her behalf. Id. ¶¶
9 34-35.

## II. DISCUSSION

11  "Plaintiff has the burden of proving that venue is proper in
12 th[is] district[, where] the suit was initiated." Hope v. Otis Elevator
13 Co., 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005). "In deciding a [Rule]
14 12(b)(3) [venue] motion, a court may consider facts outside the
15 pleadings and need not accept the pleadings as true." U.S. Tower Corp.
16 v. STS Intern., Inc., No. CIV-F-08-0228 AWI SMS, 2008 WL 2074463, at *2
17 (E.D. Cal. May 15, 2008) (citing Murphy v. Schneider Nat'l, Inc., 362
18 F.3d 1133, 1137-39 (9th Cir. 2004)). "Accordingly, venue issues
19 ordinarily are resolved on affidavits and declarations." Kelly v.
20 Echols, No. CIVF05118 AWI SMS, 2005 WL 2105309, at *11 (E.D. Cal. Aug.
21 30, 2005) (citation and internal quotation marks omitted).

22  Plaintiff alleges in her complaint that venue is proper under
23 the general jurisdiction statute prescribed in 28 U.S.C. § 1391(e)(3);
24 however, in her opposition brief Plaintiff relies solely on 5 U.S.C. §
25 8477(e)(7)(B) as support for her position that venue exists in this
26 district. (Compl. ¶ 2; Opp'n 4:11-19.) 28 U.S.C. § 1391(e)(3)
27 prescribes: "[a] civil action in which a defendant is . . . an agency of
28 the United States . . . may, except as otherwise provided by law, be

brought in any judicial district in which . . . (3) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e) (emphasis added). However, 5 U.S.C. § 8477(e)(7)(B) prescribes:

> An action under this subsection may be brought in the District Court of the United States for the District of Columbia or a district court of the United States in the district where the breach alleged in the complaint or petition filed in the action took place or in the district where a defendant resides or may be found.

The more specific venue provision in 5 U.S.C. § 8477(e)(7)(B) applies in this case. See generally Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 587 (9th Cir. 1991) (holding the more specific venue provision in Title VII applies, rather than then the general venue statute prescribed in 28 U.S.C. § 1391, since "venue for [Plaintiff's] right of action is circumscribed by the very statute that gives [her] the right to sue in the first place"). Therefore, Plaintiff must demonstrate that venue is proper under 5 U.S.C. § 8477(e)(7)(B).

Defendant argues Plaintiff's "suit in the Eastern District of California meets none of the geographical conditions imposed by 5 U.S.C. § 8477(e)(7)(B) . . . [and therefore,] this action must be dismissed for improper venue." (Mot. 10:15-18.) Plaintiff argues "venue is proper" because "the breach took place in Sacramento[.]" (Opp'n 4:13-14.)

Defendant argues it "neither resides nor is found in the Eastern District of California" and supports this argument with averments from the declaration of Pamela-Jeanne Moran, the Director of Participation Services at the Federal Retirement Thrift Investment Board. (Mot. 10:12; ECF No. 8-1, Decl of Moran ¶ 1.) Moran declares: Defendant "operates one office which is located at 1250 H St. NW, Washington, D.C. 20005. [Defendant] also partners with contractors who have sites in various locations including Fairoaks, Virginia and

4

1  Birmingham, Alabama. Finally, [Defendant] has a U.S. Treasury lockbox in
2  St. Louis, Missouri." (Decl of Moran ¶ 8.) Plaintiff has not presented
3  evidence from which an inference can be drawn that Defendant has any
4  presence in California. Therefore, the Eastern District of California is
5  not "a district where a defendant resides or may be found." 5 U.S.C. §
6  8477(e)(7)(B).

7  However, Plaintiff relies on her unsupported argument as her
8  sole basis for establishing venue in this district, arguing: "venue is
9  proper" in this district since the decedent's beneficiary form was
10 "lost, destroyed, or otherwise misplaced upon transfer from
11 Sacramento[,]" California. (Opp'n 4:14-15.) Defendant counters "the
12 alleged breach . . . could not have occurred outside [Defendant's]
13 offices." (Mot. 10:12-14.) Plaintiff's conclusory argument does not
14 demonstrate that Defendant had possession of the referenced beneficiary
15 form in California, or otherwise breached any obligation concerning the
16 referenced beneficiary form in California.

17 Plaintiff also argues venue is proper in this district since
18 the beneficiary designation form was executed in Sacramento, the
19 decedent died in California, and Plaintiff resides in California. (Opp'n
20 4:14-17.) However, these arguments are not a bases for venue in this
21 district under 5 U.S.C. § 8477(e)(7)(B). Therefore, Plaintiff has failed
22 to prove that venue is proper in the Eastern District of California
23 under 5 U.S.C. § 8477(e)(7)(B).

24 A case filed in the wrong district shall be dismissed, or if
25 it is in the interest of justice[,] may be "transfer[ed] . . . to any
26 district . . . in which it could have been brought." 28 U.S.C. §
27 1406(a). However, Plaintiff does not address this issue and instead
28 argues: "[i]n the interests of justice the Eastern District is

appropriate as Plaintiff does not have the resources to retain counsel in Washington D.C. and otherwise prosecute her case in Washington D.C." (Opp'n 4:17-19.) This argument does not justify transferring this case to another district. See Johnson, 950 F.2d at 588 (holding "the district court did not abuse its discretion by dismissing the action without prejudice rather than transferring it sua sponte" since "justice would not be served by transferring [the action] to a jurisdiction that plaintiff purposefully sought to avoid").

### III. CONCLUSION

For the foregoing reasons, Plaintiff's case is DISMISSED without prejudice for improper venue. This case shall be closed.

Dated: July 20, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge